IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:00-626-CMC |
| v. | |
| Ryan Lee Zater, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). ECF No. 146. Defendant requests the return of his property by transfer to a designated third-party for sale, and for just compensation if the Government cannot return the property. The Government has filed a motion to dismiss and memorandum in support. ECF No. 149. In reply, Defendant filed an affidavit in opposition to the motion to dismiss. ECF No. 156. On May 5, 2017, the court entered an order noting it intended to construe the Government's motion to dismiss as one for summary judgment, and directed Defendant to file any further supporting information no later than June 5, 2017. ECF No. 157. A Roseboro Order was sent to Defendant with the order. ECF No. 158. In response, Defendant filed a reply with his own affidavit as well as an affidavit from Brian Zater, a co-defendant and Defendant's brother. ECF No. 161. This matter is now ripe for resolution.

I. Background

Defendant requests return of property seized during his criminal case, specifically, "various firearms, bullet-proof vests, and personal property from Zater's vehicle – an '89 Oldsmobile Cutlass Calais." ECF No. 146 at 4. In January of 2006, Defendant was notified the FBI was in possession of firearms and bullet proof vests and he had thirty days to make a claim. Defendant

filed a claim, and designated a recipient for the items. In January 2007, the FBI denied Defendant's claim asserting he did not have legal authority to possess a firearm and could not delegate such authority to another person, citing *United States v. Craig*, 896 F.Supp. 85 (N.D.N.Y. 1995).

Defendant now argues he is entitled to return of his property because, based on *Henderson v. United States*, 575 U.S. __,135 S.Ct. 1780 (2015), a felon can transfer firearms to a third party as long as "that disposition prevents the felon from later exercising control over those weapons." *Henderson*, 135 S.Ct. at 1786. Because *Henderson* overturned *Craig*, Defendant asserts he now has a right to have his property returned to a designated recipient. Defendant further argues his motion is timely as he "ever diligent[ly]" pursued the return of his property after the law changed in 2015. Defendant requests that if his items cannot be returned, he be credited the value of his items toward his outstanding restitution.

The Government argues Defendant's motion is untimely because it was filed outside the six year statute of limitations. ECF No. 149-1 at 4. In addition, the Government argues the court does not have subject matter jurisdiction over the property at issue, as it has been declared abandoned; Defendant has no lawful entitlement to the property he claims; and Defendant had an adequate remedy at law based on the law at the time. Defendant filed an affidavit in response, disagreeing with the points advanced by the Government. ECF No. 156. Defendant contends his motion is not untimely because he "pursued this action diligently from the moment of inception, and [has] exhausted all of the administrative remedies prior to filing the instant action." *Id.* at 2. He notes "numerous genuine issues of material facts in dispute" regarding who bought or owned the property in question and his lawful entitlement to the property. *Id.* at 5.

II. Discussion

   a. *Defendant's claim for "just compensation"*

The Government argues this court does not have subject matter jurisdiction over Defendant's claim because title to the property Defendant requests has vested in the United States under 41 C.F.R. § 128-48.102-1, and Federal Rule of Criminal Procedure 41(g) does not allow recovery for compensatory damages. ECF No. 149-1 at 6-7. The court agrees it does not have subject matter jurisdiction to award compensatory damages to Defendant for the value of his property. *See United States v. Jones*, 225 F.3d 468, 470 (4th Cir. 2000) (holding courts lack jurisdiction to award damages pursuant to Rule 41(g), due to sovereign immunity).

   b. *Defendant's claim for return of property*

However, Defendant also requests return of his property or for the court to credit the value of the seized property against Defendant's restitution obligation. The court finds Defendant's request for return of his property is untimely.

"A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41. "The applicable limitations period, six years, is set forth in 28 U.S.C. § 2401(a)." *United States v. Minor*, 228 F.3d 352, 359 (4th Cir. 2000).

> The accrual date is the date on which [Defendant] was on reasonable inquiry notice of the forfeiture, i.e., the earlier of the following: when he first became aware that the government had declared the [property] forfeited, or when an inquiry that he could reasonably have been expected to make would have made him aware of the forfeiture.

*Id.*

On January 18, 2006, the FBI notified Defendant it was in possession of the firearms and vests and he had thirty days to make a claim before forfeiture would occur. ECF No. 146-3.

Defendant submitted a claim for those items on January 25, 2006. ECF No. 146-4.[1] A redacted letter, purportedly from Defendant's designated recipient, was sent to the FBI on February 1, 2006, stating his intention to receive the property on Defendant's behalf. *Id.* On June 9, 2006, the FBI notified Defendant his claim was referred to the FBI's Legal Counsel Division and he would be notified of their decision. ECF No. 146-5.

Defendant's claim was denied by FBI Legal Counsel on January 15, 2007, based on Defendant's status as a felon and the prohibition of his owning firearms. ECF No. 146-6. Further, Legal Counsel noted Defendant did not have authority to delegate possession to any other person, citing *United States v. Craig*, 896 F.Supp. 85 (N.D.N.Y. 1995). The letter also noted Defendant provided no documentation supporting purchase of the items. *Id.* Finally, the letter explained Defendant could request reconsideration of the denial within ten days, to the Director of the FBI Forfeiture Unit.

Defendant does not allege he filed such a request for reconsideration. However, he states he filed a FOIA request with the FBI regarding his property on June 25, 2015, after the *Henderson* decision came out, and received a response on July 20, 2016. See ECF Nos. 146-7, 146-8. Defendant filed the instant motion on August 22, 2016, "seeking court intervention for the wrongful denial by the FBI of property return." ECF No. 146.

Defendant argues his motion is timely because he has "finally exhausted all of the FBI's Administrative Remedies . . . ." *Id.* at 6. However, the record clearly shows Defendant failed to exhaust his administrative remedies in 2007, when he received the denial from FBI Legal Counsel

---

[1] There is no evidence Defendant ever made a claim for property other than the firearms and vests. *See* 41 C.F.R. § 128-48.102-1.

4

and decided not to appeal that decision. Defendant neither filed an appeal with the Director of the FBI Forfeiture Unit, nor filed suit at that point. At the time of the FBI's denial, the FBI relied on the then current law to decline Defendant's request. It is only after the Supreme Court's decision in *Henderson* that Defendant filed his motion in this court. Although *Henderson* changed the law regarding a felon's right to transfer ownership of firearms to a third party, it did not restart the clock for Defendant's pursuit of his property.

The statute of limitations began to run when Defendant was notified of the impending forfeiture, in January of 2006. Defendant then pursued administrative remedies into January 2007, at which point he failed to file an administrative appeal. After January of 2007, he did not pursue return of his items until June of 2015. Although the statute of limitations was tolled until January of 2007, it was not tolled from 2007 through 2015, as administrative proceedings were not ongoing during that time. Therefore, the statute of limitations expired in or around 2013, before *Henderson* was decided. The change in law did not extend or restart the statute of limitations.

The court lacks subject matter jurisdiction to award damages to Defendant for the value of his property. Defendant's claim for return of his property is untimely.[2] Therefore, the Government's motion to dismiss, construed as a motion for summary judgment, is granted and Defendant's motion is dismissed with prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 14, 2017

---

[2] The Government also argued Defendant's claim fails due to lack of lawful entitlement and because Defendant had an adequate remedy at law. As the court dismisses Defendant's claim for return of property based on the statute of limitations, it need not reach these issues.