IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:00-626-CMC |
| v. | |
| Ryan Lee Zater, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's motion pursuant to Fed. R. Civ. P. 60(b)(6). ECF No. 161. Defendant's motion argues a defect in the Order granting summary judgment for the Government on his original motion pursuant to § 2255. Specifically, Defendant argues the court applied the wrong standard when it granted summary judgment on his 2002 § 2255 motion. He also argues his sentence should be reduced based on the Supreme Court's decision in *Dean v. United States*, 581 U.S. ___, 137 S. Ct. 1170 (2017) and a New York District Court's decision in *United States v. Holloway*, 62 F. Supp. 2d 310 (E.D.N.Y. 2014). The Government filed a motion to dismiss Defendant's Rule 60(b) motion and a memorandum in support, arguing Defendant's motion is, in reality, a second or successive motion under § 2255 and therefore should be dismissed. ECF Nos. 164, 164-1. The Government also argued Defendant's motion is untimely and not a proper Rule 60(b) motion, and that the *Holloway* Doctrine should not apply to Defendant's case. Defendant filed a response, arguing the instant motion is correctly categorized as a Rule 60(b) motion because he attacks the standard utilized in his original § 2255 motion, which raises a defect in the prior proceeding. ECF No. 167. He also reargued points from the Rule 60(b) filing.

> Federal Rule of Civil Procedure 60(b)(6) allows for relief from a final judgment for 'any other reason that justifies relief.' While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5).

*Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). A 60(b)(6) motion must be filed on "just terms," within "a reasonable time," and "have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Id.* (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). A "Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion . . ." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)).

The instant motion does not set forth a valid basis for relief under Rule 60(b)(6). It is, in reality, a successive § 2255 motion. The Fourth Circuit Court of Appeals has directed that district courts ascertain and address whether Rule 60(b) motions are, in reality, second or successive motions under § 2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003); *see also Gonzalez v. Crosby*, 545 U.S. at 531-32. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion for reconsideration." *Winestock*, 340 F.3d at 207; *see also McRae*, 793 F.3d at 397 (holding a true Rule 60(b) motion "challenges some defect in the integrity of the federal habeas proceedings.").

Although Defendant's motion alleges a defect in the adjudication of his original § 2255 motion, in reality it attacks his sentence. He argues there was a genuine issue of material fact in

2

his original § 2255 motion, and therefore summary judgment should not have been granted.[1] However, this is not an allegation of a defect in the collateral review *process*, but an attack on the substance of this court's resolution of his claim on the merits. *See McRae*, 793 F.3d at 397 ("[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition.").

Therefore, this motion is in actuality a § 2255 motion. As such, it is successive and Defendant has failed to obtain permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

The requirement of filing a motion in the court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. Defendant's motion is dismissed as this court is without jurisdiction to consider it.[2]

---

[1] Defendant argues there was a genuine issue of material fact that precluded summary judgment in his original habeas proceeding because his sentencing court noted on the record "he had no discretion in this matter" to give Defendant a lower sentence due to the nature of his § 924(c) convictions. ECF No. 161 at 22. Defendant contends this was error, based on the *Dean* case recently decided in the Supreme Court. However, the Supreme Court has not held *Dean* to be retroactively available to cases on collateral review. Therefore, Defendant cannot avail himself of its holding.

[2] As the court is without jurisdiction to consider this motion, it will not rule on the other arguments made by Defendant or by the Government.

3

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 11, 2017