IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

United States of America,

v.

Ryan Lee Zater,

Defendant.

Cr. No. 3:00-626-CMC

Opinion and Order

This matter is before the court on Defendant's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). ECF No. 178. Defendant's previous motion was brought under Fed. R. Civ. P. 60(b) (ECF No. 161), but the court determined it was, in actuality, a successive § 2255 motion and dismissed it for lack of jurisdiction. ECF No. 175.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

Defendant argues the court should amend its earlier judgment to prevent manifest injustice. ECF No. 178. He concedes this court is without jurisdiction "to effectuate the relief he seeks." However, he asks the court to recommend the Government "pursue a joint motion reducing Zater's sentence in the spirit of fairness" under the Holloway doctrine.

The "Holloway Doctrine" does not allow this court to modify Defendant's sentence. The "Doctrine" stems from a case in the Eastern District of New York in which the prosecutor agreed the defendant's sentence was too harsh due to the stacking of charges under 18 U.S.C. § 924(c). *United States v. Holloway*, 68 F.Supp.3d 310 (E.D.N.Y. 2014). The court asked the United States Attorney "to consider exercising her discretion to agree to an order vacating two or more of Holloway's 18 U.S.C. § 924(c) convictions." *Id.* at 314. Based on an "extraordinary" Bureau of Prisons record and lack of opposition (and in some cases, affirmative support) from the victims of Holloway's crimes, the United States Attorney notified the court she would not oppose Holloway's § 2255 motion "for the purpose of vesting the court with authority to vacate two of the 924(c) convictions, and to proceed to resentence." *Id.* at 315. The court specifically noted "the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly." *Id.* at 316.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c). The court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, including "extraordinary and compelling reasons;" (2) upon motion of the government for substantial assistance; or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range. *Id.* None of these provisions apply to Defendant's request or allow reductions in sentence based on the Holloway Doctrine. In addition, the Department of Justice takes the position here that Defendant's sentence is reasonable. The court agrees. Consequently, the court declines Defendant's invitation to recommend the Government pursue a joint motion regarding Defendant's sentence.

For the reasons above, Defendant's motion for reconsideration (ECF No. 178) is denied.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
November 28, 2017