IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:00-626-CMC |
| v. | |
| Ryan Lee Zater, | Opinion and Order |
| Defendant. | |

This matter is before the court on remand from the Fourth Circuit regarding Defendant's *pro se* motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). *See* ECF Nos. 146 (original motion), 187 (Fourth Circuit opinion). Defendant's original motion requested return of his property by transfer to a designated third-party for sale, and for just compensation if the Government cannot return the property. The court granted summary judgment for the Government, holding Defendant's claim was untimely and the court lacked subject matter jurisdiction to award damages for the value of his property. ECF No. 168. Defendant appealed, and the Fourth Circuit affirmed summary judgment as to the firearms and bulletproof vests but reversed as to the other personal property in which Defendant claimed an interest. ECF No. 187. The matter was remanded for further development of the record as to the cell phone, video recorder, beeper, cash, backpack, shoes, and various articles of clothing. *Id.* at 2.

On remand, the court directed the Government to file a response to Defendant's original motion addressing the status of the personal property listed in the Fourth Circuit Opinion. ECF No. 188. On March 13, 2018, the Government filed a motion to dismiss Defendant's motion for

return of property.[1]  ECF No. 192.  As Defendant is proceeding *pro se*, a *Roseboro* Order was sent advising him of the need to respond to the Government's motion.  ECF No. 194.  On March 30, 2018, Defendant filed an affidavit in opposition.  ECF No. 198.  The Government filed a supplementary response on April 9, 2018.  ECF No. 199.  On April 23, 2018, Defendant filed a supplementary reply.  ECF No. 202.  This matter is now ripe for resolution.

## I.  Positions of the Parties

Defendant's original motion requested return of property seized during his criminal case, specifically, "various firearms, bullet-proof vests, and personal property from Zater's vehicle[2] – an '89 Oldsmobile Cutlass Calais."  ECF No. 146 at 4.  As the court's grant of summary judgment regarding the firearms and bulletproof vests was affirmed, the court now only addresses the other personal property.

The Government submits all property Defendant now seeks (cell phone, video recorder, beeper, cash[3], backpack, shoes, and various articles of clothing) has been destroyed or abandoned and destroyed pursuant to 41 C.F.R. § 128-48.102-1 with the exception of the video recorder that was returned to Defendant's father.  ECF No. 192-1 at 5.  Because no items remain in the Government's possession, no return can be made.  *Id.* at 7.  Other than the video recorder, no request was made for return of these items until this motion was filed in 2016.  *Id.* at 6.  Therefore, the Government argues, this request is untimely.  *Id.*  The Government submits this court lacks

---

[1] The same day, Defendant filed a motion requesting the court set a briefing schedule or otherwise move forward with his motion.  ECF No. 193.  As that had been done, this motion is moot.

[2] As noted by the Fourth Circuit, Defendant admitted the vehicle was totaled and had no value.  ECF No. 187 at 2 n.1.

[3] The Government notes the cash Defendant requests was returned to the victim bank.  *Id.* at 9.

2

subject matter jurisdiction over Defendant's claim because title to the property vested in the United States under 41 C.F.R. § 128-48.102-1, and Federal Rule of Criminal Procedure 41(g) does not allow recovery for compensatory damages. *Id.* at 9-10.

In response, Defendant argues there are facts in dispute, and therefore summary judgment is improper. ECF No. 198. He contends *res judicata* applies to the Government's timeliness argument, and remand was "solely to determine (1) whether a forfeiture proceeding occurred, (2) the disposition of the seized items, and (3) the value of the seized items." *Id.* at 2. He concedes the video recorder was returned to his parents, ECF No. 202, but argues the cash should be credited against his restitution obligation because there was no determination whether it was "personal money or bank money." ECF No. 198 at 3. Finally, he contends the destruction of his property without notification is a due process violation for which he should receive remuneration. *Id.*

The Government filed a supplemental memorandum in which it noted "some items of clothing contained bloodstains and were retained pursuant to the Justice For All Act . . . until October 30, 2033." ECF No. 199 at 2.

## II. **Discussion**

The evidence submitted by the Government shows the personal property associated with this case was destroyed on February 20, 2006. ECF No. 192-2 at 11-18. This included clothing (other than clothing with bloodstains, which was kept) (*id.* at 11, #13-19, 21; 15, #16-17; 16 #22), shoes (*id.* at 16, #22; 17, #2-3), a beeper (*id.* at 15, #6), a cell phone (*id.* at 15, #10), and a backpack (*id.* at 16, #22). The undischarged ammunition, to the extent not included with the firearms and bulletproof vests, was destroyed on April 24, 2007. *Id.* at 16, #7A. The cash was returned to BB&T Bank. *Id.* at 14, 1B14; 17, #3A, 19. The Government's second supplemental memorandum and attachments show the video recorder, case, and two tapes were returned to Defendant's parents

3

at the request of Defendant's co-defendant and brother, Brian Zater. ECF Nos. 199; 199-1. George Zater signed the return of property form acknowledging receipt of the video camera and associated items. ECF No. 199-1 at 8.

The Government has shown it destroyed the items of personal property to which Defendant claims he is entitled (other than the video camera[4] and cash). Under 41 C.F.R. § 128-48.102-1(e), no notice is required if the owner of the property is unknown and the estimated value of the property is $100 or less. The property is to be held for a period of 30 days from the finding of the property, and after that period title to such property vests in the United States. 41 C.F.R. § 128-48.102-1(e). The items were recovered from a vehicle owned by Defendant's brother, Brian Zater, on July 24 and 25, 2000, and no ownership by Defendant (or anyone else) was claimed prior to destruction of those items on February 20, 2006 and April 24, 2007 (there were four other co-defendants and at least two co-defendants in the car during the bank robbery escape). In addition, Defendant has not shown the value of any item was over $100. Therefore, title vested in the United States and the items could be properly destroyed.

Further, as noted in its previous Order and confirmed by the Fourth Circuit, the court does not have subject matter jurisdiction to award compensatory damages to Defendant for the value of such property. *See United States v. Jones*, 225 F.3d 468, 470 (4th Cir. 2000) (holding courts lack jurisdiction to award damages pursuant to Rule 41(g), due to sovereign immunity). This includes crediting Defendant's outstanding restitution obligation with the amount he alleges is due to him. *See United States v. Zater*, 771 F. App'x 187, 188 (4th Cir. 2018) ("The court has no more

---

[4] Following the Government's filing of the signed form showing G. Zater received the video camera, Defendant filed a supplementary memorandum conceding his claim regarding the video camera only. ECF No. 202 at 2.

4

jurisdiction to order the Government to pay damages to a third party, *i.e.* the private party or entity to whom Zater owes restitution, than it does to order the Government to pay damages to Zater directly."). Regarding the cash found in the car, the court is without jurisdiction to apply it to Defendant's outstanding restitution for the same reason. It has been returned to the bank and the amount cannot be credited to Defendant.

### III. Conclusion

The items of personal property Defendant requests have been properly destroyed by the Government and are unable to be returned. The court lacks subject matter jurisdiction to award damages to Defendant or credit his restitution balance for the value of this property. Therefore, the Government's motion to dismiss,[5] construed as a motion for summary judgment, is granted and Defendant's motion is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
April 25, 2018

---

[5] The Government also argued Defendant's claim fails due to the expiration of the statute of limitations, lack of lawful entitlement, and because Defendant had an adequate remedy at law. As the court dismisses Defendant's claim for return of property on other grounds, it need not reach these issues.